UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENNETH DION MCCHRISTON,

      Plaintiff,

-vs-                                Case No.    5:06-cv-12-Oc-10GRJ
                                                          5:97-cr-28-Oc-10GRJ

UNITED STATES OF AMERICA,

      Defendant.
_____

**O R D E R**

This case is before the Court for consideration of the Petitioner's Petitioner Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1). The Petitioner contends that this Court must vacate and/or reduce his sentence because it was enhanced based on his prior convictions which were not charged in the indictment or set forth in the jury verdict, in violation of United States v. Booker, 125 S.Ct. 738 (2005).

A modification of the Petitioner's sentence is not warranted in this case, as his petition is time barred. See, 28 U.S.C. § 2255. Indeed, the Petitioner recognizes that he is time-barred from filing a § 2255 petition, but nevertheless seeks relief in the hopes that the Booker decision "becomes retroactive in the near future." In support of this argument, the Petitioner relies upon the Supreme Court's decision in Dodd v. United States, 125 S.Ct. 2478 (2005). In Dodd, the Supreme Court addressed the applicability of the one-year limitations period set forth in § 2255 with respect to the recognition of a new right by

the Court.  Specifically, § 2255 ¶6(3) provides that the one-year limitations period for filing a petition under § 2255 runs from "the date on which the right asserted was initially recognized by the Supreme Court, **if** that right has been newly recognized by the Supreme Court **and** made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255 ¶6(3) (emphasis added).  The Supreme Court clarified this provision in Dodd and held that the one-year limitations period runs from the date that the Supreme Court first recognizes the new right, not from the date it becomes retroactively applicable, in the event the dates do not coincide.  Dodd, 125 S.Ct. 2481-82.  The Supreme Court further explained that unless the Supreme Court determines that the right may be retroactively applied, the one-year limitations period set forth in § 2255 ¶6(3) never comes into play.  Id. at 2482-83.

As of the date of this Order, the Supreme Court has not determined that Booker applies retroactively.  In the interim, the Eleventh Circuit has held that Booker does not retroactively apply to cases on collateral review.  In re Anderson, 2005 WL 123923, 18 Fla. L. Weekly Fed. C. 183 (11th Cir. 2005).  Given the fact that Booker does not apply retroactively, the Defendant cannot rely upon the one-year limitations period set forth in §2255 ¶6(3), and his claim must be dismissed as time-barred.

Accordingly, upon due consideration, the Petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) is DISMISSED WITH PREJUDICE.  The Clerk is directed to enter judgment accordingly, terminate all pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 20th day of January, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Kenneth Dion McChriston, pro se